FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 1 4 2012

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | NO: 4:12CR 142 |
| | | Judge Crone |
| LIALO JOUREL BENAVIDES (1) a.k.a. "LJ" | § § | |
| ANDREW SATTERLEE (2) | § | |
| ERIC PALMA (3) | § | |
| RICHARD VALDES (4) | § | |
| JOSHUA COULTER (5) | § | |
| EMILIO AGRON (6) | § | |
| DAVID SNEAD (7) | § | |
| JOSE TREVINO (8) | § | |
| ANTHONY SMITH (9) | § | |
| BRIAN LAUNIUS (10) | § | |
| ROBERT MANNIX (11) | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 18 U.S.C. § 371
(Conspiracy to Smuggle Goods from the
United States to Mexico in violation of 18
U.S.C. § 554)

1. In or about October 2010, and continuing through at least in or about June 2012, in the Eastern District of Texas, defendants, **Lialo Jourel Benavides, a.k.a. "LJ" and Eric Palma,** did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to fraudulently or knowingly export and send, and attempt to export and send from the United States to the Republic of Mexico, any merchandise, article, and object, to include firearms, ammunition, magazines, other firearm related merchandise, contrary to the

laws and regulations of the United States, a violation of 18 U.S.C. § 544.

**Object of the Conspiracy**

2.      It was part of the conspiracy that **Lialo Jourel Benavides, a.k.a. "LJ," Eric Palma** and others discussed and planned with each other the acquisition of firearms from federally-licensed firearms dealers by false or fictitious statements intended or likely to deceive the dealers with respect to any fact material to the lawfulness of the firearm sales. The firearms were then illegally transported to the Republic of Mexico.

**Manner and Means**

3.      It was part of the conspiracy that **Lialo Jourel Benavides, a.k.a. "LJ," Eric Palma** and others formulated a plan and agreement which, among other things, included:

   A.   the selection of the licensed dealers and/or individuals;

   B.   the selection of the type of firearms to be purchased;

   C.   the acquisition of the firearms from licensed dealers and/or individuals;

   D.   the use of false and fictitious oral and written statements intended to deceive the dealers with respect to any fact material to the lawfulness of the firearm sales;

   E.   attesting under penalty of law that he is "the actual transferee/buyer of the firearm(s) listed on the form," which is a fact material to the lawfulness of a firearm sale;

   F.   the subsequent transfer of the firearms to others for illegal shipment to the Republic of Mexico.

**Overt Acts**

4.      On or about the following dates, in furtherance of the conspiracy, one or more of the

coconspirators committed the following overt acts in the Eastern District of Texas and elsewhere:

    A.    On or about October 29, 2010, **Lialo Jourel Benavides, a.k.a. "LJ"** and **Eric Palma** purchased or caused to be purchased an H&K Model G3, 7.62 caliber assault rifle, Serial Number B1716, knowing this firearm would by illegally transported to the Republic of Mexico.

    B.    On or about September 18, 2011, **Lialo Jourel Benavides, a.k.a. "LJ,"** purchased or caused to be purchased a Barrett Firearm, Model M107, .50 caliber assault rifle, Serial Number 14086, knowing this firearm would be illegally transported to the Republic of Mexico.

In violation of 18 U.S.C. § 371.

## Count Two

> Violation: 18 U.S.C. § 371
> (Conspiracy to Acquire a Firearm from a
> Licensed Dealer by False or Fictitious
> Statement in violation of 18 U.S.C. §
> 922(a)(6))

1. In or about October 2010, and continuing through at least in or about June 2012, in the Eastern District of Texas, and elsewhere, **Lialo Jourel Benavides, a.k.a. "LJ," Andrew Satterlee, Eric Palma, Richard Valdes, Joshua Coulter, Emilio Agron, David Snead, Jose Trevino, Anthony Smith, Brian Launius,** and **Robert Mannix** did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together with others persons known and unknown to the Grand Jury, to acquire a firearm from a licensed dealers and/or manufacturers by a false or fictitious oral or written statement intended or likely to deceive the dealers and/or manufacturers with respect to any fact material to the lawfulness of the firearm

sale, a violation of 18 U.S.C. § 922(a)(6).

**Object of the Conspiracy**

2. It was part of the conspiracy that **Lialo Jourel Benavides, a.k.a. "LJ," Andrew Satterlee, Eric Palma, Richard Valdes, Joshua Coulter, Emilio Agron, David Snead, Jose Trevino, Anthony Smith, Brian Launius,** and **Robert Mannix,** and others would acquire firearms from federally-licensed firearms dealers and/or manufacturers by false or fictitious statements intended or likely to deceive the dealers with respect to any fact material to the lawfulness of the firearm sales.

**Manner and Means**

3. It was part of the manner and means of the conspiracy that **Lialo Jourel Benavides, a.k.a. "LJ," Andrew Satterlee, Eric Palma, Richard Valdes, Joshua Coulter, Emilio Agron, David Snead, Jose Trevino, Anthony Smith, Brian Launius,** and **Robert Mannix,** and others known and unknown to the grand jury formulated a plan and agreement that, among other things, included the selection of the licensed dealers; the selection of the type of firearms to be purchased; the acquisition of the firearms from licensed dealers; the used of false and fictitious oral and written statements intended to deceive the dealers with respect to any fact material to the lawfulness of the firearm sales; attested under penalty of law that he was "the actual transferee/buyer of the firearm(s) listed on the form," which was material to the lawfulness of a firearm sale; and the subsequent transfer of the firearms to others.

**Overt Acts**

4. On or about the following dates, in furtherance of the conspiracy, one or more of the coconspirators committed the following overt acts in the Eastern District of Texas and elsewhere:

A. From on or about December 9, 2010, until on or about April 21, 2011, **Andrew Satterlee, Eric Palma, Richard Valdes, Joshua Coulter, Emilio Agron, David Snead, Jose Trevino, Anthony Smith, Brian Launius,** and **Robert Mannix** received firearm transfers and agreed to assist **Lialo Jourel Benavides, a.k.a. "LJ"** to falsify the ATF forms 4473.

B. From on or about December 9, 2010, until on or about April 21, 2011, **Andrew Satterlee, Eric Palma, Richard Valdes, Joshua Coulter, Emilio Agron, David Snead, Jose Trevino, Anthony Smith, Brian Launius,** and **Robert Mannix** falsified the ATF forms 4473 for **Lialo Jourel Benavides, a.k.a. "LJ."**

C. From on or about December 9, 2010, until on or about April 21, 2011, **Andrew Satterlee, Eric Palma, Richard Valdes, Emilio Agron, David Snead, Jose Trevino, Brian Launius,** and **Robert Mannix** were paid per transfer by **Lialo Jourel Benavides, a.k.a. "LJ."**

D. From on or about December 9, 2010, until on or about April 21, 2011, **Andrew Satterlee, Eric Palma, Richard Valdes, Joshua Coulter, Emilio Agron, David Snead, Jose Trevino, Anthony Smith, Brian Launius,** and **Robert Mannix** transported the transferred firearms to meeting locations in the Eastern District of Texas.

In violation of 18 U.S.C. § 371.

## Count Three

Violation: 18 U.S.C. § 371
(Conspiracy to Structure Transactions to
Evade Reporting Requirements in violation
of 31 U.S.C. § 5324)

Introduction

At all times material to this Indictment:

1. The United States Postal Service ("Postal Service") is a financial institution within the

meaning of 31 U.S.C. §§ 5312 and 5325.

2. The Postal Service maintains records that have information obtained from postal money orders. All postal money orders are paid through the Federal Reserve Bank, and certain information is collected by the Federal Reserve Bank and transmitted to the Postal Service for record maintenance. These records can provide the following information: where the postal money orders where purchased, the date of purchase, serial number of the money order, clerk number who completed the transaction, the payee, the initial place of deposit, the name of the account into which it was deposited, and the banks that were used to collect the funds.

3. The Postal Service issues blank money orders to Postal Clerks in sequentially numbered blocks of one hundred. Postal Clerks are required to sell them in ascending serial number order and account for those sold each day. Postal money orders can be purchased in increments of up to [TMB] $1,000 with the maximum daily purchase of $10,000. A customer purchasing money orders for amounts in excess of the $1,000 upper limit will receive a group of money orders sequentially numbered if the purchase is made at the same time and location. The sequential serial numbers of the money orders also indicates if the money orders where sold by the same clerk or by a different clerk. Once a group of money orders equals or exceeds $3,000, the Postal Service clerk is required to request the customer to complete a FTR as required by 31 U.S.C. § 5325.

4. In order to evade the reporting requirements of illegally derived income, individuals involved in criminal activity will often structure their transactions so that a specific transaction will not exceed the $3,000 reporting requirement as defined in 31 U.S.C. § 5325(a) or the $10,000 reporting requirement as defined in 31 U.S.C. § 5324.

5. Many individuals involved in illegal activities are aware of such reporting requirements

and take active steps to evade this reporting requirement resulting in the Postal Service not filing a FTR at the time the individual purchased the Postal Service money orders. These active steps are often referred to as "smurfing" or "structuring" and involve making multiple Postal Service money order purchases, in amounts less than $3,000, at multiple post offices and/or using more than one person to make the purchase on the same day or consecutive days; thereby making it unnecessary to provide any identifying information to the sales clerk or causing the completion of the FTR.

**The Conspiracy**

6. In or about October 2010, and continuing through at least in or about June 2012, in the Eastern District of Texas, and elsewhere, **Lialo Jourel Benavides, a.k.a. "LJ," Richard Valdes, Joshua Coulter, Emilio Agron, David Snead**, and **Jose Trevino** did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together with others persons known and unknown to the Grand Jury, to structure and assist in structuring, and attempted to structure and assisted in structuring, transactions with domestic financial institutions by purchasing money orders in amounts under $3,000 in United States Currency, a violation of 31 U.S.C. §§ 5324 and 5325.

**Object of the Conspiracy**

7. It was part of the conspiracy that **Lialo Jourel Benavides, a.k.a. "LJ," Richard Valdes, Joshua Coulter, Emilio Agron, David Snead**, and **Jose Trevino** and others, for the purpose of evading the reporting requirements of 31, U.S.C. § 5324, knowingly structured and assisted in structuring, and attempted to structure and assisted in structuring, transactions with domestic financial institutions by purchasing money orders in amounts under $3,000 in United States

Currency.

**Manner and Means**

8. It was part of the manner and means of the conspiracy that **Lialo Jourel Benavides, a.k.a. "LJ," Richard Valdes, Joshua Coulter, Emilio Agron, David Snead,** and **Jose Trevino,** and others, structured transactions with the Postal Service on many occasions, by purchasing money orders on the same day at multiple post offices in amounts less than $3,000, with a daily total over $3,000, to evade the currency transaction reporting requirements of Title 31, United States Code § 5325(a), in violation of Title 31, United States Code § 5324.

9. During the course of the of the conspiracy, money orders totaling $77,652 were purchased by structuring, including $25,2500 in the Eastern District of Texas.

**Overt Acts**

10. On or about the following dates, in furtherance of the conspiracy, one or more of the coconspirators committed the following overt acts in the Eastern District of Texas and elsewhere:

    A. On or about December 6, 2010, seven $1000 postal money orders, two $500 postal money orders, and one $250 postal money order, totaling $8,250 were purchased from two different post offices located in Dallas, Texas. Four $1000 and two $500 postal money orders, totaling $5,000 where purchased at the Bent Tree Postal Station, Dallas, TX 75287, located in the Eastern District of Texas. On or about December 13, 2010, the money orders were deposited into a Keybank National Association Bank account in Buffalo, New York. The money orders were made payable to Urban Armory. **David Sneed** was listed as the sender of the money orders.

    B. On or about January 6, 2011, four $1000 postal money orders and two $500 postal

money orders, totaling $5,000 were purchased from two different post offices located in Dallas, Texas. Two $1000 postal money orders and one $500 postal money order, totaling $2,500 were purchased at the Bent Tree Postal Station, Dallas, TX 75287, located in the Eastern District of Texas. On or about January 18, 2011, the money orders were deposited into a Keybank National Association Bank account in Buffalo, New York. The money orders were made payable to Urban Armory. **Emilio Agron** was listed as the sender of the money orders.

C. On or about January 10, 2011, two different post offices in the Dallas Metroplex were visited in which a total of four $1000 postal money orders and two $500 postal money orders were purchased, totaling $5,000. Two $1000 postal money orders and one $500 postal money order, totaling $2,500 were purchased at the Bent Tree Station, Dallas, TX 75287, in the Eastern District of Texas. On or about January 18, 2011, the money orders were deposited into a Keybank National Association Bank account in Buffalo, New York. The money orders were made payable to Urban Armory. **Emilio Agron** was listed as the sender of the money orders.

D. On or about January 18, 2011, eight $1000 postal money orders and four $500 postal money orders, totaling $10,000 were purchased from four different post offices located in Dallas, Texas. Two $1000 postal money orders and one $500 postal money order, totaling $2500 were purchased at the Bent Tree Postal Station, Dallas, TX 75287, in the Eastern District of Texas. On or about January 28, 2011 and January 31, 2011, the money orders were deposited into a Keybank National Association Bank account in Buffalo, New York. The money orders were made payable to Urban Armory. Both **Emilio Agron** and **Jose Trevino** were listed as the senders of the money orders.

E. On or about January 19, 2011, fourteen $1000 postal money orders, seven $500

postal money orders, one $750.00 postal money order, and one $322 postal money order, totaling $18, 572 were purchased from five different post offices located in Dallas, Texas. Two $1000 postal money orders, two $500 postal money orders, and one $750 postal money order, totaling $3,750 were purchased at the Bent Tree Station, Dallas, TX 75287, located in the Eastern District of Texas. Two $1000 postal money orders and one $500 postal money order, totaling $2,500 were purchased at the Rosemeade Postal Station, Carrollton, TX 75007, in the Eastern District of Texas. On or about January 28, 2011 and January 31, 2011, most of the money orders were deposited into a Keybank National Association Bank account in Buffalo, New York. The money orders were made payable to Urban Armory. Both **Emilio Agron** and **Jose Trevino** were listed as senders of the money orders. On or about January 22, 2011, four of the money orders were deposited into a Traditional Bank Inc. account in Mount Sterling, Kentucky. The money orders were made payable to Buds Gun Shop. **Lialo Jourel Benavides, a.k.a. "LJ,"** was listed as the sender of the money orders.

  F. On or about July 25, 2011, five $1000 postal money orders and one $500 postal money order, totaling $5,500 were purchased from three different post offices, located in Dallas, Texas. One $1000 and one $500 postal money orders, totaling $1,500 were purchased at the Bent Tree Postal Station, Dallas, TX 75287, in the Eastern District of Texas. Two $1000 postal money orders, totaling $2,000 were purchased at the Coit Road Postal Station, Plano, TX 75075, in the Eastern District of Texas. On or about August 1, 2011, all of the money orders were deposited into an Everbank account in Jacksonville, Florida. The money orders were made payable to an individual known as A.G. **Lialo Jourel Benavides, a.k.a. "LJ,"** was listed as the sender of the money orders.

Indictment-page 10

G.  On or about December 20, 2011, five $1000 postal money orders and one $500 postal money order, totaling $5,500 were purchased from three different post offices located in Dallas, Texas. One $1000 postal money order was purchased at the Bent Tree Station, Dallas, TX 75287, in the Eastern District of Texas. On or about December, 22, 2011, all of the money orders were deposited into a Banc First account in Chattanooga, Oklahoma, the money orders were made payable to Darc Ops Armory. Only an address located at 17671 Addison, Dallas, TX 75287 was listed as the sender of the money orders.

In violation of 18 U.S.C. § 371.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
## PURSUANT TO 18 U.S.C. § 924(d) and 18 U.S.C. § 982

As a result of committing the offenses charged in this Indictment, the defendants herein used or intended to use certain property to commit or facilitate the offenses and/or derived the following property from proceeds obtained directly or indirectly as a result of committing the offense. All such proceeds and/or instrumentalities are subject to forfeiture by the government.

A TRUE BILL

_____
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

_____          6/13/12
TRACEY M. BATSON                          Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO: 4:12CR____ |
| | § | Judge _____ |
| LIALO JOUREL BENAVIDES (1) | § | |
| a.k.a. "LJ" | § | |
| ANDREW SATTERLEE (2) | § | |
| ERIC PALMA (3) | § | |
| RICHARD VALDES (4) | § | |
| JOSHUA COULTER (5) | § | |
| EMILIO AGRON (6) | § | |
| DAVID SNEAD (7) | § | |
| JOSE TREVINO (8) | § | |
| ANTHONY SMITH (9) | § | |
| BRIAN Launius (10) | § | |
| ROBERT MANNIX (11) | § | |

**Counts One through Three**

Violation:   18 U.S.C. § 371

Penalty:   Imprisonment for not more than 5 years, a fine not to exceed $250,000, or both. A term of supervised release of not more than three years.

Special Assessment: $100.00

Indictment-page 12